# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.



KENNETH HUANG,

CR 19 0027 WHO

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 1343 - Wire Fraud;
18 U.S.C. § 1543 - False Use of Passport;
42 U.S.C. § 408(a)(8) - Misuse of Social Security Number;
18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft;
18 U.S.C. §§ 981, 982 & 28 U.S.C. § 2461 - Criminal Forfeiture

---

A true bill.

_____ Foreman

Filed in open court this ___15___ day of
___JAN. 2019___.

Stephen Ybarra
_____ Clerk

Bail, $ _____

(-MJJ

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

---- OFFENSE CHARGED ----

COUNTS 1, 3-5: 18 U.S.C. § 1343 - Wire Fraud
COUNT 2: 18 U.S.C. § 1543 - False Use of Passport
COUNT 6: 42 U.S.C. § 408(a)(8) - Misuse of SSN
COUNT 7: 18 U.S.C. § 1028A - Aggravated Identity Theft

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See attached

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---- DEFENDANT - U.S ----

▶ Kenneth Huang

DISTRICT COURT NUMBER

CR 19 0027 WHO

FILED
JAN 15 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

---- DEFENDANT ----

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)

Diplomatic Security Service

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    ALEX TSE

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    SAUSA Christopher Vieira

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: no bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                    Before Judge:

Comments:

COUNTS 1, 3-5: 20 years imprisonment, $250,000 fine, 3 years of supervised release, $100 mandatory special assessment

COUNT 2: 10 years imprisonment, $250,000 fine, 3 years of supervised release, $100 mandatory special assessment

COUNT 6: 5 years imprisonment, $250,000 fine, 3 years of supervised release, $100 mandatory special assessment

COUNT 7: Mandatory 2 years' imprisonment consecutive to any other sentence; $250,000 fine, 1 year of supervised release, $100 mandatory special assessment

ALEX G. TSE (CABN 152348)
United States Attorney

**FILED**
JAN 15 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

SEALED
BY COURT ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH HUANG,<br><br>Defendant. | No. CR 19 0027<br><br>VIOLATIONS:<br>18 U.S.C. § 1343 – Wire Fraud;<br>18 U.S.C. § 1543 – False Use of Passport;<br>42 U.S.C. § 408(a)(8) – Misuse of Social Security Number;<br>18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft;<br>18 U.S.C. §§ 981, 982 & 28 U.S.C. § 2461 – Criminal Forfeiture<br><br>UNDER SEAL |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

1. A person can buy supplemental unemployment insurance to replace a portion of his income in the event that he loses his job. Although policies vary, supplemental unemployment insurance may replace, in combination with state unemployment benefits, a portion of the insured's former salary in the event of an involuntary job loss. Private insurance companies offer supplemental unemployment benefit policies.

2. In general, to purchase supplemental unemployment insurance from an entity known to the Grand Jury and referred to herein as Company 1, a person: (1) must apply online; (2) must have been

INDICTMENT                                    1

at their current employer for at least six months; and (3) could not have collected state benefits or been involuntarily unemployed for the previous twelve months. An insured cannot make a claim against his supplemental unemployment insurance policy during the first six months that he owns the policy.

The "Person 1" Scheme to Defraud Company 1

COUNT ONE:  18 U.S.C. § 1343 – Wire Fraud

3. Paragraphs 1 through 2 are re-alleged and incorporated as if fully set forth herein.

4. On or about March 22, 2015, in the Northern District of California, and elsewhere, the defendant,

KENNETH HUANG,

for the purpose of executing the material scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions with a duty to disclose, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and pictures, that is a telefax, as further set out below, each in violation of Title 18, United States Code, Section 1343.

Manner and Means of the "Person 1" Scheme to Defraud Company 1

5. From a time unknown but beginning no later than August 2014 and through on or about July 2015, HUANG knowingly participated in, devised, and intended to devise a scheme to defraud Company 1, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions with a duty to disclose.

6. To carry out his scheme, HUANG used the identity of a person known to the Grand Jury and referred to herein as Person 1.

7. On August 18, 2014, HUANG – identifying himself as Person 1 – submitted a signed and notarized "Document Verification Form," a U.S. Citizenship and Immigration Services Form I-9, an altered U.S. passport, and an altered California driver's license to gain employment with an entity known to the Grand Jury and referred to herein as Company 2. HUANG used Person 1's name, birthdate, and Social Security number on the Form I-9. He also signed the Form I-9 as Person 1.

8. On or about August 21, 2014, HUANG purchased supplemental unemployment insurance policy #*****21 from Company 1. HUANG used Person 1's name to purchase the policy, and he

INDICTMENT                                                          2

claimed that he/Person 1 had been employed at Company 2 for 18 months at the time that he bought his policy.

9. On or about March 22, 2015, HUANG faxed a supplemental unemployment insurance claim from Millbrae, CA to Company 1 in Woodbury, New York (phone number 516-\*\*\*-\*\*98). The claim form listed Person 1's name, Social Security number, and birthdate. HUANG claimed that he/Person 1 worked at Company 2 from January 15, 2014 – February 27, 2015. In reality, HUANG/Person 1 worked at Company 2 from August 26, 2014 – September 25, 2014.

10. Company 1 issued HUANG/Person 1 supplemental unemployment insurance policy #\*\*\*\*\*21 based on the material misrepresentations that HUANG provided when he purchased the policy.

11. Company 1 paid HUANG's supplemental unemployment insurance claim based on the material misrepresentations that HUANG provided when he purchased the policy and when he filed a claim against the policy.

### Wire in Furtherance of the "Person 1" Scheme to Defraud Company 1

12. In furtherance of his scheme to defraud Company 1, and to transmit false and misleading statements, misrepresentations, and omissions to Company 1, HUANG transmitted or caused to be transmitted the following telefax communication in interstate commerce:

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| 1 | 3/22/2015 | Insurance claim forms and supporting documents | Millbrae, California | Woodbury, New York |

COUNT TWO: 18 U.S.C. § 1543 – False Use of Passport

13. Paragraphs 1 through 12 are re-alleged and incorporated as if fully set forth herein.

14. On or about August 18, 2014, in the Northern District of California, and elsewhere, the defendant,

KENNETH HUANG,

willfully and knowingly used and attempted to use a false, forged, counterfeited, and altered, passport in that the defendant presented the said passport to gain employment with Company 2, in violation of Title 18, United States Code, Section 1543.

INDICTMENT                                        3

The "Kenneth Huang" Scheme to Defraud Company 1

COUNT THREE: 18 U.S.C. § 1343 – Wire Fraud

15. Paragraphs 1 through 2 are re-alleged and incorporated as if fully set forth herein.

16. On or about October 13, 2016, in the Northern District of California, and elsewhere, the defendant,

KENNETH HUANG,

for the purpose of executing the material scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions with a duty to disclose, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and pictures, that is a telefax, as further set out below, each in violation of Title 18, United States Code, Section 1343.

Manner and Means of the "Kenneth Huang" Scheme to Defraud Company 1

17. From a time unknown but beginning no later than June 2015 and through on or about April 2017, HUANG knowingly participated in, devised, and intended to devise a scheme to defraud Company 1, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions with a duty to disclose.

18. On or about June 24, 2015, HUANG purchased supplemental unemployment insurance policy #*****07 from Company 1. HUANG claimed that he had been employed at an entity known to the Grand Jury and referred to herein as Company 3 for 27 months at the time that he bought his policy.

19. On or about April 18, 2016, HUANG renewed Company 1 supplemental unemployment insurance policy #*****07. HUANG claimed that he was still employed at Company 3 at the time that he renewed his policy.

20. On or about October 13, 2016, HUANG faxed a supplemental unemployment insurance claim from San Francisco, CA to Company 1 in Woodbury, New York (phone number 516-***-**72). The claim form listed HUANG's name and birthdate, but it listed another person's Social Security number. HUANG claimed that he worked at Company 3 from August 15, 2014 – September 16, 2016. In reality, HUANG worked at Company 3 from February 17, 2015 – October 26, 2015.

21. Company 1 issued HUANG supplemental unemployment insurance policy #*****07

INDICTMENT                                     4

based on the material misrepresentations that HUANG provided when he purchased the policy.

22. Company 1 renewed HUANG's supplemental unemployment insurance policy #*****07 based on the material misrepresentations that HUANG provided when he purchased and renewed the policy.

23. Company 1 paid HUANG's supplemental unemployment insurance claim based on the material misrepresentations that HUANG provided when he purchased the policy, renewed the policy, and when he filed a claim against the policy.

<u>Wire in Furtherance of the "Kenneth Huang" Scheme to Defraud Company 1</u>

24. In furtherance of his scheme to defraud Company 1, and to transmit false and misleading statements, misrepresentations, and omissions to Company 1, HUANG transmitted or caused to be transmitted the following telefax communication in interstate commerce:

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| 3 | 10/13/2016 | Insurance claim forms and supporting documents | San Francisco, California | Woodbury, New York |

<u>The "Person 2" Scheme to Defraud Company 1</u>

<u>COUNT FOUR</u>: 18 U.S.C. § 1343 – Wire Fraud

25. Paragraphs 1 through 2 are re-alleged and incorporated as if fully set forth herein.

26. On or about March 21, 2016, in the Northern District of California, and elsewhere, the defendant,

KENNETH HUANG,

for the purpose of executing the material scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions with a duty to disclose, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and pictures, that is a telefax, as further set out below, each in violation of Title 18, United States Code, Section 1343.

<u>Manner and Means of the "Person 2" Scheme to Defraud Company 1</u>

27. From a time unknown but beginning no later than June 2015 and through on or about September 2016, HUANG knowingly participated in, devised, and intended to devise a scheme to

INDICTMENT  5

defraud Company 1, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions with a duty to disclose.

28. To carry out his scheme, HUANG used the identity of a person known to the Grand Jury and referred to herein as Person 2.

29. On or about June 7, 2015, HUANG purchased supplemental unemployment insurance policy #*****85 from Company 1. HUANG used Person 2's name to purchase the policy. HUANG claimed that Person 2 had been employed at an entity known to the Grand Jury and referred to herein as Company 3 for 51 months at the time that he bought the policy.

30. On or about March 21, 2016, HUANG faxed a supplemental unemployment insurance claim from Millbrae, CA to Company 1 in Woodbury, New York (phone number 516-***-**98). The claim form listed Person 2's name, Social Security number, and birthdate. HUANG claimed that Person 2 worked at Company 3 from May 11, 2010 – February 23, 2016. In reality, Person 2 never worked at Company 3.

31. Company 1 issued HUANG supplemental unemployment insurance policy #*****85 based on the material misrepresentations that HUANG provided when he purchased the policy.

32. Company 1 paid HUANG's supplemental unemployment insurance claim based on the material misrepresentations that HUANG provided when he purchased the policy and when he filed a claim against the policy.

Wire in Furtherance of the "Person 2" Scheme to Defraud Company 1

33. In furtherance of his scheme to defraud Company 1, and to transmit false and misleading statements, misrepresentations, and omissions to Company 1, HUANG transmitted or caused to be transmitted the following telefax communication in interstate commerce:

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| 4 | 3/21/2016 | Insurance claim forms and supporting documents | Millbrae, California | Woodbury, New York |

The "Person 3" Scheme to Defraud Company 1

COUNT FIVE: 18 U.S.C. § 1343 – Wire Fraud

34. Paragraphs 1 through 2 are re-alleged and incorporated as if fully set forth herein.

INDICTMENT                    6

35. On or about April 10, 2017, in the Northern District of California, and elsewhere, the defendant,

KENNETH HUANG,

for the purpose of executing the material scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions with a duty to disclose, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and pictures, that is a telefax, as further set out below, each in violation of Title 18, United States Code, Section 1343.

<u>Manner and Means of the "Person 3" Scheme to Defraud Company 1</u>

36. From a time unknown but beginning no later than July 2016 and through on or about August 2017, HUANG knowingly participated in, devised, and intended to devise a scheme to defraud Company 1, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions with a duty to disclose.

37. To carry out his scheme, HUANG used the identity of a person known to the Grand Jury and referred to herein as Person 3.

38. On or about July 28, 2016, HUANG purchased supplemental unemployment insurance policy #*****49 from Company 1. HUANG used Person 3's name to purchase the policy. HUANG claimed that Person 3 had been employed at Company 2 for 70 months at the time that he bought the policy.

39. On or about April 10, 2017, HUANG faxed a supplemental unemployment insurance claim from Colma, CA to Company 1 in Woodbury, New York (phone number 516-***-**72). The claim form listed Person 3's name, Social Security number, and birthdate. HUANG claimed that Person 3 worked at Company 2 from September 1, 2009 – March 10, 2017. In reality, Person 3 never worked at Company 2.

40. Company 1 issued HUANG supplemental unemployment insurance policy #*****49 based on the material misrepresentations that HUANG provided when he purchased the policy.

41. Company 1 paid HUANG's supplemental unemployment insurance claim based on the material misrepresentations that HUANG provided when he purchased the policy and when he filed a

INDICTMENT                                           7

claim against the policy.

<u>Wire in Furtherance of the "Person 3" Scheme to Defraud Company 1</u>

42. In furtherance of his scheme to defraud Company 1, and to transmit false and misleading statements, misrepresentations, and omissions to Company 1, HUANG transmitted or caused to be transmitted the following telefax communication in interstate commerce:

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| 5 | 4/10/2017 | Insurance claim forms and supporting documents | Colma, California | Woodbury, New York |

<u>COUNT SIX</u>: 42 U.S.C. § 408(a)(8) – Misuse of Social Security Number

43. Paragraphs 1 through 2 and 34 through 42 are re-alleged and incorporated as if fully set forth herein.

44. On or about April 10, 2017, in the Northern District of California, and elsewhere, the defendant,

KENNETH HUANG,

did disclose, use, and compel the disclosure of the Social Security number of any person in violation of the laws of the United States, in violation of Title 42, United States Code, Section 408(a)(8).

<u>COUNT SEVEN</u>: 18 U.S.C. § 1028A – Aggravated Identity Theft

45. Paragraphs 1 through 2 and 34 through 44 are re-alleged and incorporated as if fully set forth herein.

46. On or about April 10, 2017, in the Northern District of California, and elsewhere, the defendant,

KENNETH HUANG,

did knowingly use, without lawful authority, a means of identification of another person, specifically the name and Social Security number of Person 3, during and in relation to a felony violation of Title 18, United States Code, Section 1343, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

<u>FORFEITURE ALLEGATION</u>: 18 U.S.C. §§ 981, 982, and 28 U.S.C. § 2461 – Criminal Forfeiture

47. The allegations in paragraphs 1 through 46 are re-alleged and incorporated as if fully set

INDICTMENT                                                    8

forth herein for the purposes of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981 and 982, and Title 28 United States Code, Section 2461.

48. Upon a conviction of any offense alleged in Counts One and Three through Five, the defendant,

KENNETH HUANG,

shall forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28 United States Code, Section 2461(c), all property, real or personal, constituting or derived from proceeds traceable to the violation, including but not limited to a forfeiture money judgment.

49. Upon a conviction of any offense alleged in Count Two, the defendant,

KENNETH HUANG,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(6)(A), any real or personal property constituting or derived from proceeds obtained, directly or indirectly, as a result of the violation, and any property used to facilitate, or intended to be used to facilitate, the commission of the violation, including but not limited to a forfeiture money judgment.

If any of said property, as a result of any act or omission of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third party;

    iii.    has been placed beyond the jurisdiction of the Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982 and Title 28, United States Code, Section 2461(c).

///

///

///

INDICTMENT 9

All pursuant to Title 18, United States Code, Sections 981, 982, and Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: 1/15/2019                                      A TRUE BILL.

                                                      _____
                                                      FOREPERSON
                                                      San Francisco

ALEX G. TSE
United States Attorney

_____ for
DANIEL KALEBA
Deputy Chief, Criminal Division

(Approved as to form:   _____)
                        CHRISTOPHER VIEIRA
                        Special Assistant United States Attorney

INDICTMENT                                      10